UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORTH AMERICAN MARINE, INC. | CIVIL ACTION |
| VERSUS | NO. 08-4778 |
| M/V THEOTOKOS | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Plaintiff's Motion to Dismiss Counterclaim or, Alternatively, Establish Adverse Inferences and Exclude Late Produced Evidence in Violation of Two Court Orders, Record Doc. No. 76

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART, subject to the order contained herein. The motion of plaintiff North American Marine seeks a discovery sanctions order (1) dismissing the counterclaim of defendant/vessel claimant Mirage Navigation Corp., or alternatively (2) imposing adverse evidentiary inferences establishing certain facts against North American at trial. Record Doc. No. 76 at p.1. The motion is based upon alleged violations of my previous discovery orders. Although not requested in the motion itself, North American's memorandum in support of the motion contains a request for an award of costs and fees in an unspecified amount. Record Doc. No. 76-1 at pp. 14-15.

Both kinds of non-monetary sanctions requested by North American are authorized for violation of a discovery order under Fed. R. Civ. P. 37(b)(2)(A)(i)(v). However, the case law has imposed a heightened standard that must be met before these kinds of sanctions are warranted. For example, the draconian sanction of dismissal is reserved exclusively for contumacious and continuing discovery misconduct. Doe v. American Airlines, 283 Fed. Appx. 289, 2008 WL 2570789, at *2 (5th Cir. 2008), cert. denied, 129 S. Ct. 1003 (2009); Davis v. Auto Club Family Ins. Co., No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing Federal Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994); Equal Employment Opportunity Comm'n v. General Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993); Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)). Similarly, imposition of an adverse evidentiary

inference is warranted only upon a showing of intentional, malicious or bad faith conduct. Baker v. Randstad No. America, L.P., 151 Fed. Appx. 314, 318 (5th Cir. 2005); Caparotta v. Entergy Corp., 168 F.3d 754, 756 (5th Cir. 1999); Vick v. Texas Employment Comm., 514 F.2d 734, 737 (5th Cir. 1975)); Tournes v. Code Haven, Inc., 2003 WL 22861921, *4 (S.D.N.Y. 2003).

I cannot conclude on the current record that either contumacious or bad faith discovery misconduct has been established sufficient to warrant the dispositive non-monetary sanctions sought by North American. Accordingly, the motion is denied insofar as it seeks those sanctions.

On the other hand, the record clearly demonstrates that defendant/vessel claimant Mirage has been dilatory, irresponsible and neglectful in complying with its discovery obligations and this court's orders in connection with document production. For example, defense counsel's letter to me dated June 25, 2010 (which has been separately filed in the record) establishes that, only within the past week, defendant/vessel claimant has produced certain materials that should have been produced earlier. Having considered the four factors described in Paz v. Brush Engineered Materials, Inc., 555 F.3d 383, 390 n.1 (5th Cir. 2009), I find that this late production should not preclude any parties' use of these materials at trial under the circumstances presented in this case. However, these materials clearly were produced after the filing of this motion, and an award of attorney's fees and expenses is justified under Fed. R. Civ. P. 37(a)(5)(C) and 37(b)(2)(C). Thus, the motion is granted insofar as it seeks in the supporting memorandum an award of fees and expenses, but North American must file a new motion to set the amount of that award, supported in the manner required in Local Rule 54.2.

In addition, at trial, North American is free to present some or all of the same evidence and arguments submitted in connection with this motion, and the court will consider it in evaluating the credibility and the weight to be given to defendant/vessel claimant's witnesses and evidence. At this time, however, I decline to dismiss the counterclaim or impose adverse inferences as a discovery sanction.

New Orleans, Louisiana, this   29th   day of June, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE